IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2003

## MICHAEL J. GRANT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Bradley County**
**No. M-02-837     R. Steven Bebb, Judge**

---

**No. E2003-00637-CCA-R3-PC**
**December 23, 2003**

---

The petitioner appeals the summary dismissal of his post-conviction petition. The petitioner alleges his untimely petition should be tolled on due process grounds because of reliance on counsel's "guarantee" of release from incarceration after serving 30% of his sentence. We affirm the summary dismissal for failure to file for post-conviction relief within the one-year statute of limitations provided in Tennessee Code Annotated section 40-30-202(a) and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. JOSEPH M. TIPTON, J., filed a dissenting opinion.

Michael Joseph Grant, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Jerry N. Estes, District Attorney General, and Stephen D. Crump, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Michael Joseph Grant, alleges in his *pro se* post-conviction petition that on April 28, 2001, he entered a guilty plea to five counts of kidnapping and one count of robbery. He further states that he received a sentence of six years as a Range I offender with a release eligibility date of 30%. The record does not contain documentation of these allegations, but we accept them for purposes of our review. According to the post-conviction petition, the petitioner was denied parole on June 10, 2002, and his appeal therefrom was denied on August 9, 2002.

The petitioner filed seeking a petition for post-conviction relief on November 22, 2002. On February 7, 2003, his petition was summarily dismissed due to untimely filing without a hearing by the trial court. That summary dismissal is now before us for review.

The petitioner alleges that he was "guaranteed" by his trial counsel that the petitioner would "serve, at most, only thirty percent (30%) of his sentence day-for-day." Trial counsel also allegedly advised the petitioner that, due to the petitioner's medical status of HIV and Hepatitis C, the State would release him at the earliest opportunity.

The post-conviction petition enumerates twelve instances of alleged malfeasance on the part of trial counsel. The petitioner acknowledges that the petition is untimely but contends that his reliance on the erroneous advice of counsel caused the petitioner to forego filing for post-conviction relief within the statutory period and that due process considerations should toll the limitations period.

**Analysis**

With certain exceptions, the filing of a post-conviction petition in Tennessee must be made within one year of the date the conviction becomes final. Tenn. Code Ann. § 40-30-202(a) (1997 and Supp. 2002). However, a court may consider an untimely petition if the statute of limitations would deny the petitioner due process. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). Our supreme court has said "the principles of due process are flexible and require balancing of a petitioner's liberty interests against the State's finality interests on a case by case basis." Sample v. State, 82 S.W.3d 267, 273-74 (Tenn. 2002).

The petitioner herein places heavy reliance on Williams v. State, 44 S.W.3d 464 (Tenn. 2001). That case involved an untimely post-conviction petition filing by a petitioner whose attorney had failed to properly withdraw from representation following a direct appeal. The petitioner alleged that he was unaware of the finality of his conviction as a result of the attorney's actions. Under those circumstances, the supreme court remanded for an evidentiary hearing to determine if the petitioner was denied a reasonable opportunity to seek post-conviction relief due to possible misrepresentation by counsel. Id. at 471.

In regard to the instant case, the petitioner alleges twelve (12) instances of his counsel's deficient representation. Only one of these, the "guarantee" of the maximum time to serve, would conceivably be impacted by reliance on the "guarantee." All other alleged deficiencies were known to the petitioner at the time of his guilty plea.

We are not persuaded that the facts of Williams provide the petitioner the relief he seeks. In that case, the petitioner had justifiable reason to believe he was still represented by counsel during the time period in which the post-conviction claim should have been filed. There is no such confusion in the instant case, as the petitioner was aware of the finality of his conviction date and that no appeal was to be filed. The grievances the petitioner alleges against counsel were all extant on the date he entered his plea, save the alleged "guarantee" as to the maximum time of the petitioner's incarceration. We conclude that the petitioner could not reasonably rely on such an alleged representation and that the summary dismissal was proper.

**Conclusion**

Based on the aforementioned reasons and the record as a whole, we affirm the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE